UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

G. ANDREW GRACY,

    Plaintiff,

v.                                                  Case No. 8:19-cv-1258-T-02AEP

BASSAM MINAWI,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Defendant/Counterclaimant ("Minawi"), proceeding *pro se*, filed a Counterclaimant and Notice of Removal (Doc. 1), asserting counterclaims against the Plaintiff. The Plaintiff initially filed a Complaint in the Circuit Court of the Sixth Judicial Circuit to recover possession of real property in Clearwater, Florida (Doc. 1-1). The Plaintiff asserts that Minawi is in wrongful possession of the real property. *Id.* Minawi counterclaims alleging, among other things, that he is in lawful possession of the property by the authority of his parents (Doc. 1-2). Before the Court is Minawi's Affidavit of Indigency, which the Court construes as a motion to proceed *in forma pauperis* (Doc. 4). Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).

When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6),

Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *see Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3).

Here, Minawi's Countercomplaint (Doc. 1) does not contain enough factual allegations to establish the Court's jurisdiction over the matter. The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Minawi alleges the following as a basis for subject matter jurisdiction:

> The grounds for removal of this action are that the defendant is a foreign sovereign and not a citizen of the United States, the plaintiff is acting on behalf of his foreign client, we have diversity in citizenship further there is a federal question as the defendant is a foreigner sovereign that has invoked the foreign sovereigns immunities act in a related matter and has not waived any rights in these proceedings. Furthermore this action became removable most recently with plaintiffs Answer-Affirmative defenses filed 03-18-2019 and further there is more the $75,000 at issue in this action. Further this court should have had original jurisdiction.

(Doc. 1). As an initial matter, this Court does not have federal question jurisdiction, as this case does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Indeed, a recovery of real property dispute is a state matter. Further, Minawi's argument that federal question jurisdiction was established by Plaintiff's Answer and Affirmative Defenses fails as a matter of law: a claim "arises under" federal law when the federal question is presented on the face of the *plaintiff's well-pleaded complaint*. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Regardless, upon the Court's review of the Plaintiff's Answer and Affirmative Defenses, there were no claims alleged giving rise to federal jurisdiction (Doc. 1-3).[2]

Further, the Countercomplaint fails to establish a basis for diversity jurisdiction. Even assuming *arguendo* that the matter at issue exceeds $75,000, Minawi must also establish diversity of *citizenship*. *See* 28 U.S.C. §1332. In his Countercomplaint, Minawi alleges that there is diversity of citizenship because he is a foreign sovereign (Doc. 1). However, Minawi fails to allege that he is not a permanent resident alien of the same state as the Plaintiff. In fact, the record shows that both parties reside in Florida (Doc. 1). Diversity jurisdiction is destroyed when a U.S. citizen and permanent resident alien are residents of the same state. *See* 28 U.S.C.

---

[2] The Plaintiff's Answer and Affirmative Defenses (Doc. 1-3) solely set forth denials, admissions based on relief sought but not as to entitlement, and three affirmative defenses: res judicata, collateral estoppel, and a statute of limitations.

§1332 (a)(2); *see, e.g.*, *Magdalena v. Toyota Motor Corp.*, No. 12-20661-CIV, 2013 WL 12092086, at *6 (S.D. Fla. July 10, 2013) (noting that the purpose of the 1988 amendment "was to preclude Federal alienage jurisdiction … in suits between a citizen of a state and an alien permanently residing in the same state."). As an additional matter, Plaintiff's Affidavit of Indigency (Doc. 4) is deficient because it is not signed and notarized. Thus, the Court also lacks the information necessary to determine indigency and waive the filing fee.

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. Defendant/Counterclaimant's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 4) be DENIED.[3]

2. Defendant/Counterclaimant's Counterclaim and Notice of Removal (Doc. 1) be DISMISSED.

DONE AND ORDERED in Tampa, Florida, on this 12th day of June, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Plaintiff, *pro se*

---

[3] While the Court ordinarily denies *pro se* requests *without prejudice* initially, the Counterclaim (Doc. 1) fails to allege a basis for the Court's jurisdiction.

4