# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

G. ANDREW GRACY,

    Plaintiff,

v.                            CASE NO. 8:19-cv-1258-T-02AEP

BASSAM MINAWI,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court on a motion filed by Defendant to proceed *in forma pauperis* (Dkt. 4) in this removed action.[1] The Defendant's motion was referred to the magistrate judge. United States Magistrate Judge Anthony E. Porcelli recommends that *in forma pauperis* status be denied and that Defendant's counterclaim (Dkt. 1-2 at 20-143), the only operative pleading pending in the state court case at the time of removal, be dismissed for lack of jurisdiction.[2] Dkt. 6. Defendant filed timely objections. Dkt. 11.

---

[1] Also before the undersigned is Plaintiff's Motion for Remand (Dkt. 10). The remand motion was not filed until after the magistrate judge issued the report and recommendation on the *in forma pauperis* request. The motion to remand was not referred.

[2] Plaintiff voluntarily dismissed his complaint in state court over two months before this case was removed to this Court. Dkt. 10 ¶ 6. Although the report and recommendation uses the term "Countercomplaint," the Defendant's claim will be referred to in this order as a counterclaim.

When ruling on a magistrate's report and recommendation, the Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If objections are filed, a *de novo* determination is required "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

As relevant background, Defendant's mother died in 2005, and his father in 2015. Dkts. 1-1 ¶ 6, 1-2 at 12 ¶ 6. Plaintiff was appointed the personal representative of Defendant's father's estate in 2016 by the probate court in Pinellas County, Florida. Dkts. 1-1 ¶ 4, 1-2 at 11 ¶ 4. Defendant had been living in a condominium owned by his parents in Clearwater, Florida. Dkt. 1-2 ¶ 1.

The underlying complaint sought to eject Defendant from the condominium. Dkts. 1-1, 1-2 at 11-19. Defendant filed a counterclaim, as "lawful" heir of both his parents, for an accounting and inventory of his father's estate. Dkt. 1-2 at 20-25. He intimates his father's will was executed under fraud and duress, and he

claims the right to possess the condominium. *Id.* According to Plaintiff, the complaint was voluntarily dismissed in March 2019.[3] Dkt. 10 ¶ 6.

In resolving *in forma pauperis* status, the magistrate judge necessarily considered whether the sole counterclaim constituting this action is frivolous or fails to state a claim for relief. His report aptly explains why the claim is both. It does not contain a short, plain statement of jurisdiction as required by the Federal Rules of Civil Procedure. *Cf. Moore v. As-Com, Inc.*, No. 8:05-cv-2244-T-24TGW, 2006 WL 1037108, at *2 n.1 (M.D. Fla. Apr. 19, 2006) (citing Fed. R. Civ. P. 8(a) and impliedly recognizing rule that jurisdiction be stated by application of exception to rule). Without a basis for federal jurisdiction, the counterclaim fails to state a claim for relief and states no clear legal basis, rendering it frivolous.

Having found the claim deficient, the magistrate judge recommends dismissal based on the absence of either diversity or federal question jurisdiction. Dkt. 6. The Court agrees. The recovery of real property and associated probate issues do not arise under federal law and are matters best left for the state court. Dkt. 6 at 3. Defendant even admits that Judge Porcelli "is right in stating the

---

[3] Apparently, Plaintiff was successful because Defendant has since become homeless. Dkt. 11 ¶ 7.

recovery of the real property by the defendant is a state issue and that action will be dealt with in [the estate case]." Dkt. 11 ¶ 9.

Diversity is lacking because Defendant fails to allege he is not an alien permanently residing in the same state as Plaintiff, which is Florida. *Id*. (citing 28 U.S.C. § 1332(a)(2) and *Magdalena v. Toyota Motor Corp.*, No. 12-20661-CIV, 2013 WL 12092086, at *6 (S.D. Fla. July 10, 2013) (finding that 2011 amendment to § 1332 "supports prior holdings that permanent residency does not create jurisdiction in alien-vs.-alien cases"). Defendant contends in his objection that he is not a permanent resident alien of Florida based on the fact that he does not have "a permanent alien ID." (Dkt. 11 ¶ 5). Even if Defendant could prove he is not a resident of Florida, the amount in controversy has not been established.[4]

For the reasons explained by the magistrate judge, and based on *de novo* review of the case, the Court rules as follows:

1) Defendant's objections (Dkt. 11) are overruled.

2) The report and recommendation (Dkt. 6) is adopted as part of this order, confirmed, and approved in all respects.

---

[4] In any event, as noted by Plaintiff, the removal notice was untimely because the counterclaim was filed over two years before removal. Dkt. 10 ¶¶ 8-11.

3) Defendant/Counterclaimant's construed motion to proceed *in forma pauperis* (Dkt. 4) is denied.

4) Plaintiff's Motion to Remand is (Dkt. 10) is denied as moot.

5) The Clerk is directed to remand this case to the Sixth Judicial Circuit in and for Pinellas County, Florida, and after effecting remand, to close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 2, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record and unrepresented parties